**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1677**

———————

LUIS HERNANDO PEREZ,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A79-101-761)

———————

Submitted:  February 24, 2006          Decided:  April 25, 2006

———————

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Arturo Hernandez, Vienna, Virginia, for Petitioner.   Peter D.
Keisler, Assistant Attorney General, Marleigh D. Dover, Isaac J.
Lidsky, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Luis Hernando Perez, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.* In his petition for review, Perez challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a decision denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Perez fails to show that the evidence compels a contrary result. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

*Perez does not challenge the immigration judge's denial of withholding of removal or protection under the Convention Against Torture. Therefore, these claims are waived. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 2 -